UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERARDO AZPERA,

Plaintiff,

v.

G. PEREZ,

Defendant.

Case No.  2:26-cv-0219-JDP (P)

ORDER

Plaintiff, a state prisoner, alleges that defendant Perez violated his First, Fourth, Eighth and Fourteenth Amendment rights.  ECF No. 1 at 3-6.  After reviewing the complaint, I find that the claims are not suitable to proceed.  I will dismiss the complaint with leave to amend so that plaintiff may explain why this action should proceed.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that defendant Perez, a correctional sergeant at Mule Creek State Prison, violated his rights by publicly announcing that plaintiff was being transferred due to the safety concerns he had raised repeatedly in prison grievances.  ECF No. 1 at 3.  He claims that this announcement led to physical assault and verbal harassment from other inmates and amounted to a mishandling of private information.  *Id.* at 4.  The complaint fails to connect the dots between what appears to be a fairly anodyne transfer announcement and the various misfortunes that plaintiff alleges befell him.  For instance, it is not obvious why Perez's words made an attack more likely.  This is not to say that this logical gap cannot be bridged, only that the complaint

2

fails to make the showing.  In so finding, I also conclude that the complaint does not raise a valid retaliation claim because the allegations, taken as true, do not establish that Perez's actions would chill a person of ordinary firmness from continuing to file grievances.  *See Rhodes v. Robinson*, 408 F.3d 559, 568-69 (9th Cir. 2005) ("[T]he proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.") (citation and quotation marks omitted).  Finally, plaintiff is advised that prisoner's rights to privacy are limited, and the general information allegedly shared by Perez, that plaintiff had filed grievances expressing safety concerns, does not implicate it.  The Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."  *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).

I will give plaintiff an opportunity to amend so that he may address these issues.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

3

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    March 12, 2026                                      _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE

4