UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO AZPERA,<br>Plaintiff,<br>v.<br>G. PEREZ,<br>Defendant. | Case No. 2:26-cv-0219-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, alleges that defendant G. Perez, a correctional officer at Mule Creek State Prison, violated his First Amendment rights by retaliating against him for filing prison grievances. This action proceeds on plaintiff's amended complaint that, like its predecessor, fails to state a cognizable claim. Accordingly, I now recommend that this action be dismissed for failure to state a claim.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that on November 3, 2025, defendant Perez approached his cell and stated that he was "fed up" with the numerous grievances plaintiff had filed. ECF No. 9 at 3. Perez allegedly told plaintiff that he would transfer him in retaliation for the grievances, *id.*, but plaintiff does not allege that this transfer ever took place. Plaintiff also claims that Perez exposed his "confidential information," but does not state what information was exposed or how its alleged exposure harmed him. *Id.* at 5. As I explained to plaintiff in my previous screening order, these allegations, taken as true, do not establish that Perez's actions would chill a person of ordinary firmness from continuing to file grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 568-69 (9th

Cir. 2005) ("[T]he proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.") (citation and quotation marks omitted). Apparently recognizing this deficiency, plaintiff alleges that Perez's actions would have such a chilling effect. ECF No. 9 at 4. In the same breath, however, plaintiff alleges that Perez's actions actually motivated him to file more grievances. *Id.*

I find that an officer's assertion that he was "fed up" with grievances and a vague threat to transfer an inmate (that never materialized) are insufficient to chill or silence a person of ordinary firmness from engaging in protected activities. The exposure of confidential information might give an ordinary person such pause but, again, without an allegation as to what information was disclosed, it is impossible to tell. Plaintiff will have a final opportunity to make his case in any objections he files to these recommendations.

I have already given plaintiff an opportunity to amend his complaint, and the same deficiencies remain. I now recommend that this action be dismissed for failure to state a claim.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE